# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **CHARLES R. BRANCH**, | § | |
| **TDCJ No. 1368465,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| **V.** | § | **CIVIL NO. A-11-CA-621-FB** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal** | § | |
| **Justice, Correctional** | § | |
| **Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER DENYING RELIEF

Petitioner Charles R. Branch filed this federal habeas corpus action pursuant to Title 28 U.S.C. Section 2254 which, liberally construed, challenges as improperly enhanced his 2006 Williamson County life sentence for delivery of a controlled substance.  For the reasons set forth hereinafter, petitioner is not entitled to federal habeas corpus relief or a Certificate of Appealability from this Court.

## I. Background

A.    Petitioner's Dallas County Conviction

By way of background, petitioner was indicted on June 10, 1975, by a Dallas County grand jury in cause no. F-75-6991-KH on a charge of burglary of a habitation allegedly committed on or about June 9, 1975.  Enhancement paragraphs in that indictment charged petitioner had been convicted previously:  (1) in Faulkner County, Arkansas, of the offense of assault with intent to kill (on July 10, 1974) and (2) in Webster Parish, Louisiana, of the offense of simple burglary (on September 13, 1966).

Petitioner was subsequently re-indicted in cause no. F-75-10704-MH on a charge of burglary of a habitation allegedly committed on April 9, 1975.[1]  Petitioner was convicted by a Dallas County jury on March 25, 1976, of burglary of a habitation and sentenced to serve a twenty-five year term of imprisonment.  The judgment in that case reflects the petitioner's offense was committed on April 9, 1975.

Represented by counsel, petitioner filed an application for state habeas corpus relief on July 22, 1976, challenging his Dallas County conviction which the Texas Court of Criminal Appeals denied without a written order. *Ex parte Charles R. Branch*, WR 5,795-01 (Tex. Crim. App. Oct. 27, 1976).

Petitioner fully discharged his sentence on November 12, 1992, despite the fact petitioner was then a fugitive from justice.

On July 15, 2009, petitioner filed an application for state habeas corpus relief attacking his 1976 Dallas County conviction and sentence in which he argued his burglary conviction was invalid. In support of that contention, petitioner furnished unauthenticated photocopies of documents which petitioner argued showed petitioner was incarcerated in the State of Arkansas as of the date of the 1975 offense (which petitioner argued was April 9, 1975) which formed the basis for petitioner's 1976 Dallas County burglary conviction.  In an Order issued September 14, 2009, the state trial court found: (1) petitioner had presented no new evidence in support of his actual innocence claim, (2)

---

[1] While it is impossible to say for certain at this late date, it appears the date of petitioner's offense listed in petitioner's second Dallas County indictment (i.e., April 9, 1975 listed in the indictment in cause no. F-75-10704-MH) may have been a typographical error.  The original indictment (F-75-75-6991-KH) listed the date of petitioner's offense as June 9, 1975. The original indictment was returned by a grand jury sitting in the April, 1975 term of court.  For the reasons set forth hereinafter, it is unnecessary for this Court to resolve the discrepancy between the two Dallas County indictments.

found the state's files could not be located and the trial attorneys were either deceased or could not

be located, (3) concluded the State had been prejudiced by petitioner's delay of more than thirty

years in bringing his state habeas corpus application challenging his 1976 conviction, (4) concluded

petitioner's claims were barred by the doctrine of laches, and (5) recommended denial of petitioner's

state habeas corpus application.   The Texas Court of Criminal Appeals subsequently denied

petitioner's state habeas corpus application without written order based upon the findings of the trial

court made without a hearing. *Ex parte Charles R. Branch*, WR 5, 795-03 (Tex. Crim. App. Nov.

18, 2009).

B.       Petitioner's Williamson County Conviction

On November 27, 1984, a Williamson County grand jury indicted petitioner on a charge of

delivery of less than 28 grams of methamphetamine.   An enhancement paragraph alleged petitioner

had been previously convicted of a felony, burglary of a habitation in Dallas County.

The Texas Third Court of Appeals described petitioner's subsequent criminal history as

follows:

>        Appellant Charles Branch was indicted [in cause no. 84-409-K] on November
> 27, 1984, for delivery and possession of a controlled substance, methamphetamine,
> with an enhancement paragraph alleging a prior felony conviction.   Trial began on
> August 5, 1985. Branch, who had been out on bail, appeared in person and by
> attorney.   He pleaded not guilty to the charges, pleaded not true to the enhancement
> paragraph, and elected to have the jury assess punishment in the event of a guilty
> verdict.   On the trial's second day, the State rested and Branch opened and began to
> present evidence.   On the trial's third day, Branch failed to appear.   On the docket
> sheet, the district court noted that Branch had voluntarily absented himself and
> proceeded with trial in his absence.   The jury subsequently found Branch guilty of
> delivery of a controlled substance, found the enhancement allegation true, and
> assessed punishment at confinement for life in the Texas Department of Corrections.

Branch remained at large for over twenty years. In 2005 or 2006, he was arrested in Pennsylvania and eventually extradited and returned to Williamson County. On May 2, 2006, the district court rendered judgment and pronounced sentence in accordance with the jury's verdict. The judgment contains the finding that Branch had voluntarily absented himself during trial.

*Branch v. State*, 03-07-00118-CR, 2008 WL 2066047, *1 (Tex. App.– Austin May 16, 2008, *pet. ref'd) (mem. op., not designated for publication)*.

Petitioner appealed from his latter Texas conviction and life sentence, but his initial appeal was dismissed as untimely. *Branch v. State*, 03-06-00596-CR (Tex. App.– Austin, Nov. 2, 2006). On September 28, 2006, petitioner filed an application for state habeas corpus relief (WR 5,795-02) arguing his state trial counsel rendered ineffective assistance by failing to timely file a notice of appeal on petitioner's behalf. In an unpublished Order, the Texas Court of Criminal Appeals granted state habeas corpus relief and instructed petitioner to file an out-of-time direct appeal. *Ex parte Charles R. Branch*, AP 75, 605 (Tex. Crim. App. Feb. 7, 2007).

Petitioner filed his out-of-time direct appeal with the assistance of court-appointed state appellate counsel, arguing petitioner's trial record had improperly been destroyed through no fault of petitioner. The Texas Third Court of Appeals subsequently affirmed petitioner's conviction and sentence, concluding, in pertinent part, petitioner's decision to abscond during trial and thereafter voluntarily absent himself from the jurisdiction for more than twenty years deprived petitioner of the benefit of the rule warranting new trial when a trial record has been destroyed through no fault of the defendant. *Branch v. State*, 03-07-00118-CR, 2008 WL 2066047 (Tex. App.–Austin May 16, 2008, *pet. ref'd) (mem. op., not designated for publication*. The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on November 26, 2008. Petitioner did not seek

further review of his conviction or life sentence by the United States Supreme Court through a petition for writ of certiorari.

On November 20, 2009, petitioner filed an application for state habeas corpus relief challenging his enhanced sentence and arguing therein: (1) his Williamson County conviction was improperly enhanced because his 1976 Dallas County conviction was invalid and (2) his trial counsel rendered ineffective assistance by failing to (a) present documents showing petitioner was incarcerated in Arkansas at the time of petitioner's 1975 Dallas County burglary offense and (b) immediately request the court reporter transcribe her notes from petitioner's 1985 trial as soon as that proceeding ended. In an Order issued January 4, 2010, the trial court rejected both of petitioner's claims on the merits, concluding, in part, petitioner had failed to allege any facts showing his 1976 conviction was void and petitioner's trial counsel had not rendered ineffective assistance. The Texas Court of Criminal Appeals subsequently denied state habeas relief based upon the findings of the trial court made without a hearing. *Ex parte Charles R. Branch*, WR 5, 795-04 (Tex. Crim. App. Apr. 20, 2010).

## II. Proceedings in this Court

On September 1, 2010, petitioner filed his original federal habeas corpus petition in this Court, stating therein he wished to attack his May, 1976 Dallas County conviction for burglary of a habitation. *Docket entry no. 1.* As grounds for relief, petitioner argued: (1) he had new evidence showing his actual innocence in the form of documents from the State of Arkansas which showed petitioner was incarcerated in that jurisdiction from July 12, 1974 through April 21, 1975, which included the date on which he allegedly committed his Dallas County offense, and (2) his trial

counsel rendered ineffective assistance by failing to adequately investigate and discover petitioner's Arkansas incarceration records.

Respondent filed his original answer on October 19, 2011, arguing this Court lacked jurisdiction to entertain a challenge to petitioner's 1976 Dallas County conviction because petitioner had fully discharged his sentence in that state criminal action.   *Docket entry no. 15.*

On October 20, 2011, petitioner filed his amended petition and argued he was actually innocent of the offense allegedly committed on April 9, 1975 in Dallas County and his Williamson County conviction was improperly enhanced based upon the invalid Dallas County conviction. *Docket entry no. 16.*

On January 24, 2012, this Court granted petitioner's request to hold this case in abeyance to permit petitioner to return to state court and exhaust state habeas remedies on new claims petitioner wished to present to this Court.   *Docket entry no. 24.*

On March 19, 2013, petitioner filed another state habeas corpus application challenging his 1976 Dallas County conviction for burglary of a habitation and attached thereto a new document purporting to establish that petitioner was incarcerated in the State of Arkansas on April 9, 1975. In an Order issued May 17, 2012, the state trial court:  (1) concluded petitioner's latest state habeas corpus application did not satisfy the standards for a subsequent state habeas writ under applicable state law, (2) found the State had been prejudiced by petitioner's delay in bringing the state habeas action, and (3) concluded petitioner's latest state habeas action was precluded by the doctrine of laches.  The Texas Court of Criminal Appeals subsequently dismissed petitioner's latest state habeas corpus application pursuant to the Texas writ-abuse statute, i.e., Article 11.07, Section 4(a), Texas

6

Code of Criminal Procedure.  *Ex parte Charles R. Branch*, WR 5,795-05 (Tex. Crim. App. Jun. 6, 2012).

On June 12, 2012, this Court lifted the stay in this case.  *Docket entry no. 31.*

On July 3, 2012, respondent filed his second amended answer, arguing, in part, petitioner had procedurally defaulted on his new documentary evidence supporting his actual innocence claim. *Docket entry no. 33.*

### III. Standard of Review

Because petitioner filed his federal habeas corpus action after the effective date of the AEDPA, this Court's review of petitioner's claims for federal habeas corpus relief is governed by the AEDPA.  *Penry v. Johnson*, 532 U.S. 782, 792, 121 S. Ct. 1910, 1918, 150 L.Ed.2d 9 (2001). Under the AEDPA standard of review, this Court cannot grant petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of that claim either:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Brown v. Payton*, 544 U.S. 133, 141, 125 S. Ct. 1432, 1438, 161 l.Ed.2d 334 (2005); *Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 1519, 146 L.Ed.2d 389 (2000); 28 U.S.C. § 2254(d).

The Supreme Court has concluded the "contrary to" and "unreasonable application" clauses of Title 28 U.S.C. Section 2254(d)(1) have independent meanings.  *Bell v. Cone*, 535 U.S. 685, 694, 122 S. Ct. 1843, 1850, 152 L.Ed.2d 914 (2002).  Under the "contrary to" clause, a federal habeas

court may grant relief if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Brown v. Payton*, 544 U.S. at 141, 125 S. Ct. at 1438; *Mitchell v. Esparza*, 540 U.S. 12, 15-16, 124 S. Ct. 7, 10, 157 L.Ed.2d 263 (2003) ("A state court's decision is 'contrary to' our clearly established law if it 'applies a rule that contradicts the governing law set forth in our cases' or it 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'"). A state court's failure to cite governing Supreme Court authority does not, *per se*, establish the state court's decision is "contrary to" clearly established federal law: "the state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decisions contradicts them.'" *Mitchell v. Esparza*, 540 U.S. at 16, 124 S. Ct. at 10.

Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. *Brown v. Payton*, 544 U.S. at 141, 125 S. Ct. at 1439; *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S. Ct. 2527, 2534-35, 156 L.Ed.2d 471 (2003). A federal court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *McDaniel v. Brown*, 558 U.S. 120, 132-33, 130 S. Ct. 665, 673, 175 L.Ed.2d 582 (2010) ("A federal habeas court can only set aside a state-court decision as 'an unreasonable application of...clearly established Federal law,' § 2254(d)(1), if the state court's application of that law is 'objectively unreasonable.'"); *Wiggins v. Smith*, 539 U.S. at 520-21, 123 S. Ct. at 2535. The focus of this inquiry is on whether the state court's application of clearly established federal law was

objectively unreasonable; an "unreasonable" application is different from a merely "incorrect" one. *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S. Ct. 1933, 1939, 167 L.Ed.2d 836 (2007) ("The question under the AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold."); *Wiggins v. Smith*, 539 U.S. at 520, 123 S. Ct. at 2535; *Price v. Vincent*, 538 U.S. 634, 641, 123 S. Ct. 1848, 1853, 155 L.Ed.2d 877 (2003) ("it is the habeas applicant's burden to show that the state court applied that case to the facts of his case in an objectively unreasonable manner").

As the Supreme Court has recently explained:

> Under the Antiterrorism and Effective Death Penalty Act, a state prisoner seeking a writ of habeas corpus from a federal court "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."

*Bobby v. Dixon*, ___ U.S. ___, ___, 132 S. Ct. 26, 27, 181 L.Ed.2d 328 (2011) (quoting *Harrington v. Richter,* 562 U.S. ___, ___, 131 S. Ct. 770, 786–87, 178 L.Ed.2d 624 (2011)).

Legal principles are "clearly established" for purposes of AEDPA review when the holdings, as opposed to the dicta, of Supreme Court decisions as of the time of the relevant state-court decision establish those principles. *Yarborough v. Alvarado*, 541 U.S. 652, 660-61, 124 S. Ct. 2140, 2147, 158 L.Ed.2d 938 (2004) ("We look for 'the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.'"); *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 1172, 155 L.Ed.2d 144 (2003).

The AEDPA also significantly restricts the scope of federal habeas review of state court fact findings. Section 2254(d)(2) of Title 28, United States Code, provides federal habeas relief may not be granted on any claim that was adjudicated on the merits in the state courts unless the state court's

adjudication of the claim resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Wood v. Allen*, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."); *Williams v. Taylor*, 529 U.S. at 410, 120 S. Ct. at 1522 ("[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law."). Even if reasonable minds reviewing the record might disagree about the factual finding in question (or the implicit credibility determination underlying the factual finding), on habeas review, this does not suffice to supersede the trial court's factual determination. *Wood v. Allen*, 558 U.S. at 301, 130 S. Ct. at 849; *Rice v. Collins*, 546 U.S. 333, 341-42, 126 S. Ct. 969, 976, 163 L.Ed.2d 824 (2006).

In addition, Section 2254(e)(1) provides a petitioner challenging state court factual findings must establish by clear and convincing evidence that the state court's findings were erroneous. *Schriro v. Landrigan*, 550 U.S. at 473-74, 127 S. Ct. at 1939-40 ("AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'"); *Rice v. Collins*, 546 U.S. 333, 338-39, 126 S. Ct. 969, 974, 163 L.Ed.2d 824 (2006) ("State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'"); *Miller-El v. Dretke,* 545 U.S. 231, 240, 125 S. Ct. 2317, 2325, 162 L.Ed.2d 196 (2005) ("[W]e presume the Texas court's factual findings to be sound unless Miller-El rebuts the 'presumption of correctness by clear and convincing evidence.'"); 28 U.S.C. §2254(e)(1). It remains unclear at this juncture whether Section 2254(e)(1) applies in every case presenting a challenge to a state court's factual findings under Section 2254(d)(2). *See Wood v. Allen*, 558 U.S. at 300, 130 S. Ct. at 849

10

(choosing not to resolve the issue of Section 2254(e)(1)'s possible application to all challenges to a state court's factual findings); *Rice v. Collins*, 546 U.S. at 339, 126 S. Ct. at 974 (likewise refusing to resolve the Circuit split regarding the application of Section 2254(e)(1)).  However, the deference to which state-court factual findings are entitled under the AEDPA does not imply an abandonment or abdication of federal judicial review.  *See Miller-El v. Dretke*, 545 U.S. at 240, 125 S. Ct. at 2325 (the standard is "demanding but not insatiable"); *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) ("Even in the context of federal habeas, deference does not imply abandonment or abdication of judicial review.  Deference does not by definition preclude relief.").  Moreover, in this Circuit, a federal habeas court reviewing a state court's rejection on the merits of a claim for relief pursuant to the AEDPA must focus exclusively on the propriety of the ultimate decision reached by the state court and not evaluate the quality, or lack thereof, of the state court's written opinion supporting its decision.  *See Maldonado v. Thaler*, 625 F.3d 229, 239 (5th Cir. 2010) (federal habeas review of a state court's adjudication involves review only of a state court's decision, not the written opinion explaining the decision), *cert. denied*, 132 S. Ct. 124 (2011); *St. Aubin v. Quarterman*, 470 F.3d 1096, 1100 (5th Cir. 2006) (holding Section 2254(d) permits a federal habeas court to review only a state court's decision and not the written opinion explaining that decision), *cert. denied*, 550 U.S. 921 (2007); *Amador v. Quarterman*, 458 F.3d 397, 410 (5th Cir. 2006) (holding the same), *cert. denied*, 550 U.S. 920 (2007); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) (holding the precise question before a federal habeas court in reviewing a state court's rejection on the merits of an ineffective assistance claim is whether the state court's ultimate conclusion was objectively reasonable), *cert. denied*, 541 U.S. 1045 (2004); *Anderson v. Johnson*, 338 F.3d 382, 390 (5th Cir. 2003) (holding a federal habeas court reviews only a state court's

11

decision and not the opinion explaining that decision); *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*) (holding a federal court is authorized by §2254(d) to review only a state court's decision and not the written opinion explaining that decision), *cert. denied*, 537 U.S. 1104 (2003).

## IV. <u>Challenge to Discharged Dallas County Conviction</u>

Insofar as petitioner seeks to challenge his discharged, 1976 conviction and sentence, because petitioner has already fully discharged that sentence and is no longer "in custody" pursuant to that conviction, this Court lacks jurisdiction under the federal habeas corpus statute, i.e., Title 28 U.S.C. Section 2254, to entertain a challenge to petitioner's 1976 Dallas County conviction.  *Maleng v. Cook*, 490 U.S. 485, 492, 109 S. Ct. 1923, 1926, 104 L.Ed.2d 540 (1989):

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not.  While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. Since almost all States have habitual offender statutes, and many States provide as Washington does for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas.  This would read the "in custody" requirement out of the statute and be contrary to the clear implication of the opinion in *Carafas v. LaVallee, supra.*

## V. <u>Challenge to Enhanced Williamson County Conviction</u>

Insofar as petitioner seeks to challenge his sentence for his Williamson County controlled substance conviction as having been improperly enhanced based upon petitioner's allegedly invalid 1976 Dallas County conviction, that effort is foreclosed by well-settled Supreme Court precedent:

More important for our purposes here is the question we explicitly left unanswered in *Maleng:* "the extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to enhance." 490 U.S., at 494, 109 S. Ct. 1923.  We encountered this same question in the § 2255 context in *Daniels v. United States, post,* at 374, 121 S. Ct. 1578.  We held there that "[i]f ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant ... may not collaterally attack his prior conviction through a motion under § 2255." *Post,* at 382, 121 S. Ct. 1578.  We now extend this holding to cover § 2254 petitions directed at enhanced state sentences.

We grounded our holding in *Daniels* on considerations relating to the need for finality of convictions and ease of administration.  Those concerns are equally present in the § 2254 context.  The first and most compelling interest is in the finality of convictions.  Once a judgment of conviction is entered in state court, it is subject to review in multiple forums.  Specifically, each State has created mechanisms for both direct appeal and state postconviction review, see L. Yackle, Postconviction Remedies §§ 1, 13 (1981 and Supp. 2000), even though there is no constitutional mandate that they do so, see *Pennsylvania v. Finley,* 481 U.S. 551, 557, 107 S. Ct. 1990, 95 L.Ed.2d 539 (1987) (no constitutional right to state postconviction review); *Abney v. United States,* 431 U.S. 651, 656, 97 S. Ct. 2034, 52 L.Ed.2d 651 (1977) (no constitutional right to direct appeal).  Moreover, § 2254 makes federal courts available to review state criminal proceedings for compliance with federal constitutional mandates.

As we said in *Daniels,* "[t]hese vehicles for review ... are not available indefinitely and without limitation." *Post,* at 381, 121 S. Ct. 1578.  A defendant may choose not to seek review of his conviction within the prescribed time.  Or he may seek review and not prevail, either because he did not comply with procedural rules or because he failed to prove a constitutional violation. In each of these situations, the defendant's conviction becomes final and the State that secured the conviction obtains a strong interest in preserving the integrity of the judgment. See *post,* at 379–380, 121 S. Ct. 1578.  Other jurisdictions acquire an interest as well, as they may then use that conviction for their own recidivist sentencing purposes, relying on "the 'presumption of regularity' that attaches to final judgments." *Parke v. Raley,* 506 U.S. 20, 29, 113 S. Ct. 517, 121 L.Ed.2d 391 (1992); see also *Daniels, post,* at 380, 121 S. Ct. 1578.

An additional concern is ease of administration of challenges to expired state convictions.  Federal courts sitting in habeas jurisdiction must consult state court records and transcripts to ensure that challenged convictions were obtained in a manner consistent with constitutional demands.  As time passes, and certainly once a state sentence has been served to completion, the likelihood that trial records will

13

be retained by the local courts and will be accessible for review diminishes substantially. See *Daniels, post,* at 379, 121 S. Ct. 1578.

Accordingly, as in *Daniels,* we hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. See *Daniels, post,* at 382, 121 S. Ct. 1578. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 402-04, 121 S. Ct. 1567, 1573-74, 149 L.Ed.l2d 608 (2001).

The Supreme Court may have had situations such as petitioner's in mind when it concluded in *Coss* that late challenges to otherwise discharged convictions and sentences impose a record-keeping and administrative burden upon law enforcement officials unjustified by any commensurate benefit which might be obtained by permitting post-conviction challenges to decades-old convictions long after the defendant has discharged his or her sentence.

The Supreme Court recognized two exceptions to the foreclosure principle it announced in *Coss*. The first, which does not apply to petitioner's situation, applies to cases in which a criminal defendant was denied the assistance of counsel in violation of the fundamental constitutional principle announced in *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963). *Coss*, 532 U.S. at 404-05, 121 S. Ct. at 1574. Petitioner does not allege he was denied the assistance of counsel in connection with his 1975 Dallas County criminal prosecution. On the contrary, petitioner has repeatedly faulted the performance of his trial counsel in connection with that criminal proceeding.

The second exception to the rule announced in *Coss* applies in situations in which either some state action prevented the petitioner from raising or obtaining review of a federal constitutional

14

claim or newly discovered evidence (i.e., that which the petitioner could not have uncovered in a timely manner) establishes the defendant is actually innocent of the crime for which he was convicted. *Coss*, 532 U.S. at 405-06, 121 S. Ct. at 1575.

Petitioner alleges no facts showing any state action prevented or impeded petitioner's ability to obtain and present evidence at the time of his 1976 state criminal proceeding showing petitioner was incarcerated in Arkansas on the date of his 1975 burglary offense. In fact, if such were actually the case, petitioner necessarily had personal knowledge of that information and could have testified to that effect at the time of his 1976 trial. Petitioner does not allege any facts showing he was non compos mentis or otherwise unavailable to testify at the time of his March, 1976 trial. Likewise, petitioner has not alleged any specific facts showing anything other than his own lack of diligence prevented him or his trial counsel from obtaining any documentation available as of 1976 from the State of Arkansas which might have shown petitioner was incarcerated in that jurisdiction on April 9, 1975. Thus, petitioner has alleged no facts nor presented this Court with any evidence showing petitioner was prevented or precluded from obtaining and presenting evidence in 1976 showing he was incarcerated in Arkansas on or about April 9, 1975.

Insofar as petitioner argues the new documentation he presented to the state courts for the first time in his most recent state habeas corpus proceeding establishes he is actually innocent of his 1975 burglary offense, that assertion fails. The documents attached to petitioner's most recent state habeas corpus application consist of a series of unauthenticated photocopies of papers petitioner asserts show petitioner was incarcerated in Arkansas as of April, 1975. The problem with this contention is that none of the documents are properly authenticated as certified copies of official state records. Nor are they accompanied by affidavits which establish them as public or business

15

records within the meaning of the exceptions to the Hearsay Rule for official public records.  In addition, petitioner failed to furnish an affidavit establishing the records in question satisfy the requirements for the business records exception to the Hearsay Rule.

Significantly, the records themselves do not purport to establish the exact date petitioner was released from custody by the State of Arkansas.  On the contrary, they are ambiguous.  For example, the "Certificate of Discharge" attached as Exhibit D to petitioner's most recent state habeas corpus application is dated April 21, 1975, and states petitioner was sentenced on or about July 12, 1974, to serve a ten-year term of imprisonment, which term was reduced by an unspecified period of commutation for good behavior.  On its face, that document does not establish precisely when petitioner was released from custody by the State of Arkansas.  Exhibits B and C accompanying petitioner's most recent state habeas corpus application are unauthenticated copies of petitioner's indictment and judgment in Dallas County in cause n. F.-75-10704-MH, both of which list the date of petitioner's burglary offense as April 9, 1975.  Neither of those documents purports to establish the date petitioner was released from custody by the State of Arkansas.  Exhibits E and F are unauthenticated copies of an Order purportedly issued by a judicial officer from Faulkner County, Arkansas, directing petitioner's detention for a period of one year from June 4, 1974 through June 4, 1975.  Neither of those documents purports to establish the date petitioner was actually released from custody; significantly, a file stamp on those documents is dated April 18, 1975.

The same is true for the affidavits accompanying petitioner's most recent state habeas corpus application.  Exhibit G attached to petitioner's most recent state habeas corpus application is an unauthenticated photocopy of an affidavit dated January 21, 2012, from a "Circuit Clerk" in Faulkner County, Arkansas, which purports to authenticate certain documents attached thereto.  It is

16

impossible to tell from petitioner's pleadings in this Court or in the state courts exactly what documents, if any, were ever attached to that affidavit. Exhibit H to petitioner's most recent state habeas corpus application is a copy of the transcript from petitioner's May 2, 2006 Williamson County sentencing proceeding. Exhibit A to petitioner's most recent state habeas corpus application is an affidavit dated November 8, 2006, executed by the trial counsel who represented petitioner both at trial in August, 1985, and during petitioner's subsequent sentencing proceeding in May, 2006. None of those documents purport to establish the precise date on which petitioner was released from custody by the State of Arkansas. More importantly, petitioner has alleged no facts showing that any of the documents attached as exhibits to his most recent state habeas corpus application or any of the information contained therein was unavailable to petitioner at the time of his March, 1976 Dallas County criminal trial. Thus, petitioner has failed to allege any specific facts and furnish any evidence showing any of the "new information" presented by petitioner to the state habeas court in his most recent state habeas corpus proceeding was unavailable to petitioner at the time of his 1976 trial. Petitioner's assertions of "actual innocence" do not, therefore, fall within the second exception to the rule announced in *Coss.*

## VI. Ineffective Assistance Claims

A.     The Complaints

In his amended pro se petition, petitioner argues his trial counsel rendered ineffective assistance in connection with petitioner's sentencing by failing to:  (1) request the transcription of the court reporter's notes from the petitioner's August, 1985 trial immediately after the termination of that proceeding, and (2) adequately investigate and challenge as invalid petitioner's 1976 Dallas County conviction which was used to enhance petitioner's Williamson County sentence.

B.      The Constitutional Standard

The Sixth Amendment entitles criminal defendants to "the effective assistance of counsel,"

*i.e.*, legal representation that does not (1) fall below an objective standard of reasonableness in light

of prevailing professional norms and the circumstances of the defendant's case (*Wong v. Belmontes*,

558 U.S. 15, 16-17, 130 S.Ct 383, 384, 175 L.Ed.2d 328 (2009);  *Bobby v. Van Hook*, 558 U.S. 4,

7, 130 S. Ct. 13, 16, 175 L.Ed.2d 255 (2009)); and (2) give rise to a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different (*Porter*

*v. McCollum*, 558 U.S. 30, 38-40, 130 S. Ct. 447, 452-53, 175 L.Ed.2d 398 (2009); *Wong v.*

*Belmontes*, 558 U.S. at 19-20, 130 S. Ct. at 386)).

The constitutional standard for determining whether a criminal defendant has been denied

the effective assistance of trial counsel, as guaranteed by the Sixth Amendment, was announced by

the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80

L.Ed.2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require
> reversal of a conviction or death sentence has two components.  First, the defendant
> must show that counsel's performance was deficient.  This requires showing that
> counsel made errors so serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second, the defendant must
> show that the deficient performance prejudiced the defense.  This requires showing
> that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable.

To satisfy the first prong of *Strickland*, i.e., establish that his counsel's performance was

constitutionally deficient, a convicted defendant must show that counsel's representation "fell below

an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527,

2535, 156 L.Ed.2d 471 (2003); *Williams v. Taylor*, 529 U.S. 362, 390-91, 120 S. Ct. 1495, 1511, 146

L.Ed.2d 389 (2000).   In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *Strickland v. Washington*, 466 U.S. at 687-91, 104 S. Ct. at 2064-66.   Courts are extremely deferential in scrutinizing the performance of counsel and make every effort to eliminate the distorting effects of hindsight. *See Wiggins v. Smith*, 539 U.S. at 523, 123 S. Ct. at 2536 (holding the proper analysis under the first prong of *Strickland* is an objective review of the reasonableness of counsel's performance under prevailing professional norms which includes a context-dependent consideration of the challenged conduct as seen from the perspective of said counsel at the time).   "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Bobby v. Van Hook*, 558 U.S. at 7, 130 S. Ct. at 16; *Strickland v. Washington*, 466 U.S. at 688-89, 104 S. Ct. at 2065.   It is strongly presumed counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington*, 466 U.S. at 690, 104 S. Ct. at 2066.

To satisfy the "prejudice" prong, a convicted defendant must establish a reasonable probability that, but for the objectively unreasonable misconduct of his counsel, the result of the proceeding would have been different. *Wiggins v. Smith*, 539 U.S. at 534, 123 S. Ct. at 2542; *Strickland v. Washington*, 466 U.S. at 694, 104 S. Ct. at 2068.   A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Wiggins v. Smith*, 539 U.S. at 534, 123 S. Ct. at 2542; *Strickland v. Washington*, 466 U.S. at 694, 104 S. Ct. at 2068.

In evaluating petitioner's complaints about the performance of his counsel under the AEDPA, i.e., those complaints which the state courts have addressed on the merits, the issue before this Court

is whether the Texas Court of Criminal Appeals could reasonably have concluded petitioner's complaints about his trial counsel's performance failed to satisfy either prong of the *Strickland* analysis. *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154 (2004). In making this determination, this Court must consider the underlying *Strickland* standard. *Id.* In those instances in which the state courts failed to adjudicate either prong of the *Strickland* test, such as those complaints the state courts summarily dismissed under the Texas writ-abuse statute or which petitioner failed to fairly present to the state courts, this Court's review of the un-adjudicated prong is *de novo*. *See Porter v. McCollum*, 558 U.S. at 39, 130 S. Ct. at 452 (holding *de novo* review of the allegedly deficient performance of petitioner's trial counsel was necessary because the state courts had failed to address this prong of *Strickland* analysis); *Rompilla v. Beard*, 545 U.S. at 390, 125 S. Ct. at 2467 (holding *de novo* review of the prejudice prong of *Strickland* required where the state courts rested their rejection of an ineffective assistance claim on the deficient performance prong and never addressed the issue of prejudice); *Wiggins v. Smith*, 539 U.S. at 534, 123 S. Ct. at 2542 (holding the same).

A habeas petitioner has the burden to prove both prongs of the *Strickland* ineffective assistance standard by a preponderance of the evidence. *Rogers v. Quarterman*, 555 F.3d 483, 489 (5th Cir.), *cert. denied*, 558 U.S. 839 (2009); *Blanton v. Quarterman*, 543 F.3d 230, 235 (5th Cir. 2008), *cert. denied*, 556 U.S. 1240 (2009); *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000), *cert. denied*, 522 U.S. 1067 (2001).

Under the well-settled *Strickland* standard, the Supreme Court recognizes a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Bell v. Cone*, 535 U.S. 685. 698, 122 S. Ct. 1843,

20

1852, 152 L.Ed.2d 914 (2002); *Strickland v. Washington*, 466 U.S. at 690, 104 S. Ct. at 2066; *Scheanette v. Quarterman*, 482 F.3d 815, 820 (5th Cir. 2007), *stay of execution denied*, 555 U.S. 1160 (2009); *Sonnier v. Quarterman*, 476 F.3d 349, 356 (5th Cir. 2007), *cert.* denied, 552 U.S. 948 (2007); *Amador v. Quarterman*, 458 F.3d 397, 410 (5th Cir. 2006), *cert. denied*, 550 U.S. 920 (2007); *Gonzales v. Quarterman*, 458 F.3d 384, 390 (5th Cir. 2006), *cert. denied*, 549 U.S. 1323 (2007).

C.     Failure to Request Immediate Transcription or Indefinite Preservation of 1985 Trial Notes

In the course of petitioner's fourth state habeas corpus proceeding, the state habeas trial court concluded: (1) petitioner's Williamson County criminal defense counsel was not deficient in failing to challenge the validity of petitioner's 1976 burglary conviction, failing to investigate petitioner's 1976 burglary conviction, or in failing to request immediate transcription of the court reporter's notes or the indefinite preservation of same and (2) none those alleged failures prejudiced petitioner within the meaning of *Strickland*.  The Texas Court of Criminal Appeals subsequently denied state habeas corpus relief based upon the state trial court's findings. *Ex parte Charles R. Branch*, WR 5,795-04 (Tex. Crim. App. Apr. 28, 2010).

In the course of petitioner's direct appeal from his 1985 conviction and 2006 sentencing, the Texas Third Court of Appeals found:  (1) under applicable Texas law, a court reporter was required at the time of petitioner's trial to maintain notes for a period of three years, (2) the notes from petitioner's 1985 trial were actually preserved for more than fifteen years before they were destroyed as part of a routine destruction of stale records by the Williamson County District Clerk's office, and (3) petitioner's willful and voluntary absence from the jurisdiction for more than twenty years was a cause of the loss of the trial record. *Branch v. State*, 2008 WL 2066047, at *2-4.

21

Petitioner has alleged no facts showing the failure of his trial counsel to request preservation of the court reporter's notes from petitioner's 1985 trial immediately after the end of the trial fell below an objective level of reasonableness. Said counsel could reasonably have assumed the court reporter's notes would be preserved for the three year period required by applicable state law. Petitioner identifies no information available to his trial counsel in August, 1985 which would have put his trial counsel on notice petitioner intended to remain a fugitive from justice for a period longer than three years or which otherwise put petitioner's trial counsel on notice of a need to indefinitely preserve the record from petitioner's trial. Thus, the failure of petitioner's trial counsel to request either the immediate transcription or indefinite preservation of petitioner's 1985 trial record did not cause the performance of petitioner's trial counsel to fall below an objective level of reasonableness. The Texas Court of Criminal Appeals' conclusion petitioner's trial counsel's performance fell within the broad range of professionally acceptable performance was reasonable.

Likewise, that court's conclusion petitioner's complaint failed to satisfy the prejudice prong of *Strickland* is also objectively reasonable. As explained by the Texas Third Court of Appeals, petitioner's court reporter was required to retain the record from petitioner's trial for three years. Petitioner's court reporter did so and turned her notes over to the Williamson County District Clerk in 1990, after the three-year period expired. Nothing in Texas law at the time of petitioner's trial mandated retention by the Williamson County District Clerk of records such as petitioner's for a greater time period. Petitioner's trial records were retained until January, 2001, more than fifteen years after the conclusion of petitioner's August, 1985 trial. The loss of those records cannot reasonably be blamed on any act or omission by petitioner's trial counsel. Petitioner has alleged no facts showing a reasonable probability that, even if his trial counsel had requested immediate

22

transcription or indefinite preservation of the court reporter's notes, those records would have been preserved beyond January, 2001. There are no facts before this Court showing that, but for the failure of petitioner's trial counsel to request immediate transcription or indefinite preservation of petitioner's court reporter's notes at the time of petitioner's trial, the court reporter's notes would have been retained past the January, 2001 date on which they were destroyed. Thus, there is no showing of a reasonable probability that, but for any act or omission by petitioner's trial counsel, the outcome of petitioner's trial or direct appeal would have been any different. On the contrary, the affidavits presented during the course of petitioner's direct appeal appear to establish that all stale records, i.e., those more than fifteen years old, were destroyed by the Williamson County District Clerk as a matter of course in January, 2001.

Petitioner's complaints about the failure of his trial counsel to request either indefinite preservation or immediate transcription of petitioner's court reporter's trial notes in 1985 fail to satisfy either prong of *Strickland* analysis.

The Texas Court of Criminal Appeals' rejection on the merits (during the course of petitioner's fourth state habeas corpus proceeding - WR 5,795-04) of the petitioner's complaints about the failure of his trial counsel to request either indefinite preservation or immediate transcription of petitioner's court reporter's trial notes in 1985 was neither contrary to, nor involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, nor based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state trial court, direct appeal, and state habeas corpus proceedings. These complaints of ineffective assistance do not warrant federal habeas relief under the AEDPA.

D.    Failure to Investigate Validity of Petitioner's 1976 Conviction

Petitioner has failed to allege any specific facts or furnish any admissible evidence showing exactly what information petitioner's trial counsel could have obtained about the validity of petitioner's 1976 burglary conviction had petitioner's trial counsel conducted a more searching investigation into that subject at the time of petitioner's 1985 trial.  It is undisputed petitioner absconded prior to the completion of the guilt-innocence phase of petitioner's trial.  Thus, petitioner was unavailable to consult with his trial counsel during the subsequent punishment phase of petitioner's 1985 trial.  The motion for new trial filed by petitioner's trial counsel with the state trial court in Williamson County on June 1, 2006, is accompanied by a facsimile transmission sheet and a pair of documents addressed to the Arkansas Crime Information Center which indicate petitioner was arrested and/or convicted in that jurisdiction for the offenses of (1) assault with intent to kill, (2) armed robbery - burglary, and (3) escape.  Petitioner has not alleged any facts showing his escape from custody in Arkansas was unrelated temporally to petitioner's 1975 Dallas County burglary offense.

Petitioner does not allege any specific facts showing it was possible in 1985 for petitioner's trial counsel to have made a similar electronic (or computer-generated) request to Arkansas officials for information about petitioner's criminal record and incarceration record.  The record before this Court, like the record before petitioner's state habeas court, is silent with regard to the existence or availability of procedures in 1985 for obtaining relevant information about petitioner's incarceration records from Arkansas State officials, especially in the absence of petitioner.  Petitioner absconded during the guilt-innocence phase of his 1985 trial and was unavailable to assist his trial counsel in obtaining documentation concerning petitioner's Arkansas incarceration.  As of 1985, petitioner's

1976 Dallas County burglary conviction was final for all purposes.  Under such circumstances, the failure of petitioner's trial counsel to more aggressively search for information on petitioner's Arkansas incarceration record did not cause the performance of said counsel to fall below an objective level of reasonableness.  "The defense of a criminal case is not an undertaking in which everything not prohibited is required.  Nor does it contemplate the employment of wholly unlimited time and resources." Smith v. Collins, 977 F.2d 951, 960 (5th Cir. 1992), *cert. denied*, 510 U.S. 829 (1993).  Petitioner has not alleged any specific facts showing the failure of his trial counsel to more aggressively investigate the validity of petitioner's 1976 Dallas County conviction in 1985 was objectively unreasonable.

Petitioner has alleged no specific facts nor identified any evidence available in 1985 showing further investigation by petitioner's trial counsel in 1985 would have resulted in the discovery of any admissible evidence showing petitioner's 1976 Dallas County burglary conviction was invalid.  While petitioner has furnished new documentation in support of his complaints, as explained above in Section V, the unauthenticated documents and affidavits presented by petitioner do not support a basis for finding petitioner's 1976 burglary conviction was invalid.  Even if one assumes the actual date of petitioner's 1975 offense was April 9, 1975, rather than June 9, 1975, as set forth in petitioner's original indictment, none of the new records furnished by petitioner definitively establish petitioner was still in custody of Arkansas penal officials as of the earlier date.  Nor has petitioner alleged any facts or provided any evidence showing any of the new documents he has furnished were available through reasonable inquiry at the time of petitioner's 1985 trial.  *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) (holding absent a specific, affirmative showing of precisely what evidence or testimony was rendered unavailable due to a trial counsel's failure to investigate,

develop, and present same, i.e., a showing of exactly what the missing evidence or testimony would have been, a court cannot even begin to apply the *Strickland* analysis because it is very difficult to determine whether the defendant was prejudiced by any such deficiencies in counsel's performance).

As is evident from a review of the petitioner's 2006 sentencing hearing, during the punishment phase of petitioner's 1985 trial, the prosecution furnished the jury with a pen packet authenticating the judgment of conviction from petitioner's 1976 Dallas County burglary conviction. Petitioner has identified no information available to petitioner's trial counsel in 1985 which would have led a reasonably diligent defense counsel to believe any benefit could be derived from further investigation into petitioner's record of incarceration in Arkansas. Likewise, petitioner has failed to allege specific facts showing any documents were available in 1985 which could have been used to establish the factual inaccuracy of the enhancement paragraph in petitioner's 1984 indictment. Under such circumstances, petitioner's complaints about his trial counsel's failure to more diligently investigate the validity of petitioner's 1976 Dallas County burglary conviction fails to satisfy either prong of *Strickland* analysis.

The Texas Court of Criminal Appeals' rejection on the merits (during the course of petitioner's fourth state habeas corpus proceeding - WR 5,795-04) of the petitioner's complaints about the failure of his trial counsel to adequately investigate the validity of petitioner's 1976 Dallas County burglary conviction and petitioner's Arkansas penal records was neither contrary to, nor involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, nor based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state trial court, direct appeal, and state habeas corpus

proceedings.  These complaints of ineffective assistance do not warrant federal habeas relief under the AEDPA.

## VII. Certificate of Appealability

The AEDPA converted the "certificate of probable cause" previously required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a "Certificate of Appealability" ("CoA").  *See Hill v. Johnson*, 114 F.3d 78, 80 (5th Cir. 1997) (recognizing the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997) (holding the standard for obtaining a CoA is the same as for a CPC).  The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA.  *Robison v. Johnson*, 151 F.3d 256, 259 n.2 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997), *cert. denied sub nom. Monroe v. Johnson*, 523 U.S. 1041 (1998).  Effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in United States District Courts requires this Court to issue or deny a CoA when it enters an order adverse to a federal habeas corpus petitioner.

Under the AEDPA, before a petitioner may appeal the denial of a habeas corpus petition filed under Section 2254, the petitioner must obtain a CoA. *Miller-El v. Johnson*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); 28 U.S.C. §2253(c)(2).  Likewise, under the AEDPA, appellate review of a habeas petition is limited to the issues on which a CoA is granted. *See Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002)(holding a CoA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *Jones v. Cain*, 227 F.3d 228, 230

n.2 (5th Cir. 2000)(holding the same); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997)(holding

the scope of appellate review of denial of a habeas petition limited to the issues on which CoA has

been granted).   In other words, a CoA is granted or denied on an issue-by-issue basis, thereby

limiting appellate review to those issues on which CoA is granted alone. *Crutcher v. Cockrell*, 301

F.3d at 658 n.10; *Lackey v. Johnson*, 116 F.3d at 151; *Hill v. Johnson*, 114 F.3d at 80; *Muniz v.*

*Johnson*, 114 F.3d at 45; *Murphy v. Johnson*, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C.

§2253(c)(3).

A CoA will not be granted unless the petitioner makes a substantial showing of the denial

of a constitutional right. *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S. Ct. 2562, 2569, 159 L.Ed.2d

384 (2004); *Miller-El v. Johnson*, 537 U.S. at 336, 123 S. Ct. at 1039; *Slack v. McDaniel*, 529 U.S.

473, 483, 120 S. Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893,

103 S. Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983).   To make such a showing, the petitioner need not

show he will prevail on the merits but, rather, must demonstrate that reasonable jurists could debate

whether (or, for that matter, agree) the petition should have been resolved in a different manner or

that the issues presented are adequate to deserve encouragement to proceed further. *Tennard v.*

*Dretke*, 542 U.S. at 282, 124 S. Ct. at 2569; *Miller-El v. Johnson*, 537 U.S. at 336, 123 S. Ct. at

1039; *Slack v. McDaniel*, 529 U.S. at 484, 120 S. Ct. at 1604; *Barefoot v. Estelle*, 463 U.S. at 893

n.4, 103 S. Ct. at 3394 n.4.   This Court is required to issue or deny a CoA when it enters a final

Order such as this one adverse to a federal habeas petitioner. *Rule 11(a), Rules Governing Section*

*2254 Cases in the United States District Courts*.

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner

in which the District Court has disposed of a claim.   If this Court rejects a prisoner's constitutional

claim on the merits, the petitioner must demonstrate reasonable jurists could find the court's assessment of the constitutional claim to be debatable or wrong.  "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Johnson*, 537 U.S. at 338, 123 S. Ct. at 1040 (*quoting Slack v. McDaniel*, 529 U.S. at 484, 120 S. Ct. at 1604). *Accord Tennard v. Dretke*, 542 U.S. at 282, 124 S. Ct. at 2569.  In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. at 484, 120 S. Ct. at 1604 (holding when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

Reasonable minds could not disagree over this Court's conclusions in Sections III and IV above that petitioner's claims of actual innocence with regard to his 1976 Dallas County conviction are foreclosed by the Supreme Court's holdings in *Maleng v. Cook,* 490 U.S. 485, 492, 109 S. Ct. 1923, 1926, 104 L.Ed.2d 540 (1989)*,* and *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 402-04, 121 S. Ct. 1567, 1573-74, 149 L.Ed.l2d 608 (2001).  Nor could reasonable jurists disagree with this Court's conclusion that the new documents furnished by petitioner do not establish

petitioner's actual innocence vis-a-vis petitioner's 1975 Dallas County burglary offense.  The record before this Court is not clear with regard to either:  (1) the exact date of petitioner's 1975 Dallas County burglary offense or (2) the exact date petitioner either escaped from custody or was released from custody in Arkansas.  Finally, reasonable jurists could not disagree with this Court's conclusions that both of petitioner's ineffective assistance claims fail to satisfy either prong of *Strickland* analysis and the Texas Court of Criminal Appeals' rejection on the merits of all of petitioner's claims herein during the course of petitioner's fourth state habeas corpus proceeding was reasonable and consistent with clearly established federal law.

Accordingly, it is hereby **ORDERED** that:

1. All relief requested in petitioner's Amended Petition, filed October 20, 2011, docket entry no. 16, is **DENIED**.

2. Petitioner is **DENIED** a Certificate of Appealability on all issues herein.

3. All other pending motions are **DISMISSED** as moot.

**It is so ORDERED.**

**SIGNED this 4th day of March, 2014.**

**FRED BIERY**
**CHIEF UNITED STATES DISTRICT JUDGE**